UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:  CHUCK MCCUNE and
CHUTHAMARD MCCUNE,  No. 20-12326-j7

Debtors.

ROBERT PIDCOCK, as personal
representative of THE ESTATE
OF THOMAS W. KUEHN,

Plaintiff,

v.  Adversary No. 21-01013-j

CHUCK MCUNE and
CHUTHAMARD MCCUNE,

Defendants.

## MEMORANDUM OPINION REGARDING MR. MCCUNE'S MOTION FOR SUMMARY JUDGMENT ON STANDING AND BANKRUPTCY FRAUD

THIS MATTER is before the Court on Defendant Chuck McCune's[1] *Motion for Summary Judgment against Robert Pidcock for Lack of Standing and Bankruptcy Fraud* filed May 22, 2024 ("Summary Judgment Motion" – AP Doc. 327).[2] Plaintiff Robert Pidcock, as Personal Representative of the Estate of Thomas W. Kuehn ("Mr. Pidcock"[3]), filed a response (AP Doc. 331), and Mr. McCune filed a reply (AP Doc. 332).[4] As grounds for summary judgment, Mr. McCune first argues that Mr. Pidcock lacks standing to prosecute this adversary proceeding. (AP

---

[1] The Court refers to Defendant Chuck McCune as Mr. McCune. "Defendants" refers to both Chuck McCune and Chuthamard McCune.

[2] Documents filed in the Adversary Proceeding are indicated with "AP" and documents filed in the underlying bankruptcy proceeding, Case No. 20-12326-j7, are indicated with "BK."

[3] All references to "Mr. Pidcock" are to him in his capacity as Personal Representative for the Estate of Thomas W. Kuehn.

[4] Mr. McCune also filed a document titled "*Defendant's Fact Briefing in Anticipation of Hearing on Doc. 327 [the Summary Judgment Motion], Doc. 334, and Doc. 348.*" (AP Doc. 346 (the "Fact Briefing").)

Doc. 327 at 2.) In addition, he seeks (1) an order compelling Mr. Pidcock to produce to him the "Probate Inventory/Appraisal filed with the Probate Court . . . in [state court] case D-202-PB-2017-0096," (2) sanctions for Mr. Pidcock's alleged "fraud upon the Court" and a hearing to determine damages caused thereby, (3) referral of Mr. Pidcock to law enforcement or regulatory authorities for alleged misconduct, (4) an order directing Mr. Pidcock to provide contact information for "Corey and Robert Kuehn or their attorney(s)," and (5) a "temporary restraining order/injunction against Pidcock to prevent him from liquidating any assets prior to being held accountable" and an order directing "disclosure of all Pidcock assets" and surrender of Mr. Pidcock's passport. (*Id*. at 11.) For the reasons explained below, the Court will deny the Summary Judgment Motion.

*Procedural Background*

On September 15, 2020, the New Mexico District Court, Second Judicial District, entered a judgment (the "State Court Judgment") in favor of Mr. Pidcock, as Personal Representative of the Kuehn Estate, against Defendants and McCune Works, Inc., in the amount of $193,240.00 "as repayment for the stock purchases in McCune Works, Inc., by Thomas W. Kuehn" and in the amount of $96,367 for breach of a contract the State Court found was procured by fraud.[5]

On April 1, 2001, Mr. Pidcock commenced this adversary proceeding claiming the debt owing under the State Court Judgment is nondischargeable under 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(19)(i) and (ii).[6] (AP Doc. 1.)

---

[5] A copy of the State Court Judgment is attached to Mr. Pidcock's proof of claim. (BK Claim 2-1 at 6.)

[6] Unless otherwise indicated, references to "§" or "§§" refer to sections of Title 11 of the United States Code, 11 U.S.C.

*The Summary Judgment Motion was filed after the
deadline for filing dispositive motions.*

A motion for summary judgment is a dispositive motion, and the deadline fixed by the Court for filing dispositive motions in this adversary proceeding expired long ago. *See* Scheduling Order Extending Deposition Discovery Completion Deadline and Fixing Dispositive Motion Deadline (AP Doc. 141) (fixing a dispositive motion deadline of September 6, 2022).[7] Mr. McCune had ample notice that the dispositive motions deadline had expired before he filed the present Summary Judgment Motion through both the Scheduling Order and the Court's dismissal on April 4, 2024, of Mr. McCune's previous motion for default summary judgment because it was untimely. (*See* AP Docs. 141, 315.) The Summary Judgment Motion will be denied as untimely.

*Mr. Pidcock has Standing
as Personal Representative of the Kuehn Estate.*

Although the Summary Judgment Motion was untimely, the Court will address Mr. McCune's assertion that Mr. Pidcock does not have standing to prosecute this adversary proceeding. Standing is an issue the Court may raise on its own initiative. *In re Integra Realty Res., Inc.*, 262 F.3d 1089, 1101 (10th Cir. 2001). When a plaintiff's claim is asserted under a statute, whether a plaintiff has "standing" before a trial court traditionally involves three concepts: constitutional standing, statutory standing, and prudential standing. *See The Wilderness Soc'y v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc).[8]

---

[7] Although the Court extended the discovery deadline for Defendants to provide supplemental discovery responses related to their affirmative defense that McCune Works, Inc. was exempt from state and federal securities law registration requirements, the Court did not extend the dispositive motions deadline. (AP Doc. 309.) Further, Mr. McCune does not seek summary judgment related to that discovery. (AP Doc. 327.)

[8] While constitutional standing is jurisdictional, prudential and statutory standing are not. *Id.* at 1168 n.1 (stating that "prudential standing is not a jurisdictional limitation"); *Niemi v. Lasshofer*, 770 F.3d 1331, 1345 (10th Cir. 2014) (stating "questions of so-called 'statutory standing' . . . are not jurisdictional").

Before examining whether Mr. Pidcock has constitutional, statutory, and prudential standing, the Court will address Mr. McCune's argument that Mr. Pidcock is not a creditor of the Defendants because the Kuehn Trust, not Mr. Kuehn individually, invested in McCune Works, Inc., suggesting that any claim or debt relating to the investment is held by or owed to the Kuehn Trust, not Mr. Pidcock as Personal Representative of the Kuehn Estate.

Mr. McCune's argument ignores the binding effect of the State Court Judgment. The State Court Judgment awards damages against the Defendants to "Mr. Pidcock as Personal Representative of the Estate of Thomas W. Kuehn . . . as repayment for the stock purchases in McCune Works, Inc., by Thomas W. Kuehn." (BK Claim 2-1 at 6.) This Court already has determined that claim preclusion applies to the State Court Judgment to establish the validity, existence, and amount the monetary claims that Mr. Pidcock has against Defendants in this adversary proceeding and that the State Court Judgment is binding on this Court. (AP Doc. 204 at 9–12.)

Under the Bankruptcy Code, the term 'debt' means liability on a claim," § 101(12). A "claim" is a "right to payment." § 101(5)(A). A "creditor" is "an entity that has a claim against the debtor." § 101(10)(A). "Entity" is broadly defined and includes the personal representative of an estate. *See* § 101(15). As personal representative of the Kuehn Estate, Mr. Pidcock is an entity that has a claim against the Defendants because he obtained a pre-petition judgment against the Defendants that has claim preclusive effect. Under these definitions and the State Court Judgment, Mr. Pidcock is a creditor because the Defendants owe a debt to Mr. Pidcock in the amount of the State Court Judgment.

-4-

Case 21-01013-j    Doc 348    Filed 10/11/24    Entered 10/11/24 09:38:52 Page 4 of 10

*Constitutional Standing*

For plaintiffs to have constitutional standing, they must allege; "an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling." *Horne v. Flores*, 557 U.S. 433, 445 (2009); *see Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200–01 (10th Cir. 2011).

Mr. Pidcock has constitutional standing. The State Court Judgment created a legally protected interest in collecting a debt owed to Mr. Pidcock as Personal Representative. The imminent invasion of that interest through discharge (the alleged injury) is traceable to the Defendants' bankruptcy proceedings (the challenged action), and the alleged injury will be redressed if the Court were to grant the relief Mr. Pidcock seeks (excepting the debt from discharge). *See, e.g.*, *In re Ang*, 589 B.R. 165, 184 (Bankr. S.D. Cal. 2018) (finding "no doubt" that the plaintiff had constitutional standing to bring an adversary proceeding seeking to have a state court judgment in his favor declared nondischargeable); *In re Godon, Inc.*, 275 B.R. 555, 565 (Bankr. E.D. Cal. 2002) (stating that "[a]ll creditors are 'injured in fact' for purposes of 'constitutional standing' because they are able to allege injury that is 'fairly traceable' to the bankruptcy; at a minimum, they face . . . the risk that debts owed to them will be discharged"); *see also In re Wilton Armetale, Inc.*, 968 F.3d 273, 281–82 (3d Cir. 2020) (holding that a judgment creditor had constitutional standing where it alleged that "by depleting [the debtor's] assets, [third parties] had frustrated [the creditor's] ability to recover on its judgment . . . and so caused it economic harm").

*Statutory Standing*

To have statutory standing, the statutory provision on which "the claim rests [must] properly be understood as granting persons in the plaintiff's position a right to judicial relief." *The Wilderness Soc'y*, 632 F.3d at 1169 (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). Section 727, entitled "Discharge," provides that, except as provided in § 523, a bankruptcy discharge releases debtors from prepetition debts arising prior to the order for relief under chapter 7. The statutory provisions on which Mr. Pidcock's claims rest (§§ 523(a)(2), (a)(4), (a)(19)(i) and (ii)) grant creditors owed a prepetition debt, like Mr. Pidcock, a right to judicial relief (excepting a debt from discharge) if the non-dischargeability claims are proven. Mr. Pidcock, therefore, has statutory standing.

*Prudential Standing*

"Prudential standing represents judicially self-imposed limits on the exercise of federal jurisdiction that are 'founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Hill v. Warsewa*, 947 F.3d 1305, 1309 (10th Cir. 2020) (quoting Bennett v. Spear, 520 U.S. 154, 162 (1997)). Generally, to have prudential standing, "a party may not rest its claims on the rights of third parties where it cannot assert a valid right to relief of its own." *Id*. at 1309–10 (cleaned up, quoting *The Wilderness Soc'y*, 632 F.3d at 1170).[9] "A party may suffer a cognizable injury but still not possess a right to relief." *The Wilderness Soc'y*, 632 F.3d at 1171. But in the case of a claim arising under a federal statute, Congress may override prudential limitations on standing by expressly granting a right of action to persons who otherwise

---

[9] In *Hill*, the Tenth Circuit held that *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 572 U.S. 118, 126, (2014) narrowed the prudential standing doctrine by determining that the traditional "zone of interests" component to prudential standing is not actually a "standing inquiry at all" and the traditional "generalized grievance" component of prudential standing is properly part of the Article III constitutional standing analysis. *Hill*, 947 F.3d at 1309.

would be barred by those limitations; and where a party otherwise has statutory standing, "countervailing considerations may outweigh the concerns underlying the usual reluctance to exert judicial power when the plaintiff's claim to relief rests on the legal rights of third parties." *Warth*, 422 U.S. at 500–01; *See The Wilderness Soc'y*, 632 F.3d at 1169 (discussing *Warth*).

Prudential standing is not required in this adversary proceeding because § 523 expressly grants a right of action to creditors, such as Mr. Pidcock. But even if it were required, Mr. Pidcock has prudential standing. Mr. Pidcock is asserting his own rights as a judgment creditor, not the rights of third parties. *See* NMSA 1978, § 45-3-703(E) (2017) (conferring standing on the personal representative to bring legal actions on behalf of an estate).

*The Summary Judgment Motion requests various types of relief not determinable on summary judgment and for which summary judgment would not be granted in any event.*

Finally, the Summary Judgment Motion requests various types of relief not determinable on summary judgment, such as an order compelling production of documents, sanctions against Mr. Pidcock, and referral of Mr. Pidcock to law enforcement or regulatory bodies. Motions to compel production of documents, requests for discovery sanctions, and a request for a referral to law enforcement are not the proper subjects of a motion for summary judgment. To the extent Mr. McCune alleges that Mr. Pidcock perpetrated a fraud upon this Court by violating discovery orders or "falsifying" discovery responses (*see, e.g.*, Doc. 327 at 4), such allegations are properly brought under Federal Rule of Civil Procedure 37. *See* Fed. R. Bankr. P. 7037; Fed. R. Civ. P. 37(b)(2) (providing for sanctions for failure to follow a discovery order). Even if such relief were possible by summary judgment, Mr. McCune has not shown that he is entitled to such relief based on facts not in genuine dispute.

"Summary judgment will be granted when, taking the evidence in the light most favorable to the non-moving party, the moving party shows that there is no genuine dispute as to any material

fact and the moving party is entitled to judgment as a matter of law." *In re Woods*, 660 B.R. 905, 914 (10th Cir. BAP 2024). "The moving party bears the initial burden to show the absence of a genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, even if the nonmovant fails to respond to the motion." *Id*. at 914-915.

"As part of its initial burden, the moving party must identify the material facts with respect to which it asserts no genuine dispute exists, properly supported by evidence, admissions, and other materials in the record." *Id*. at 915. Although the court must review the materials submitted by the parties in support of or in opposition to summary judgment that are adequately brought to its attention, the court may but is not required to consider other materials in the record." *Id*.

As just one example of facts in genuine dispute, while Mr. McCune alleges that Mr. Pidcock should be sanctioned because he did not produce copies of two checks to Mr. McCune's bankruptcy counsel, Mr. Pidcock adduced evidence that he emailed the checks to that attorney. (*Compare* AP Docs. 327 at 4 *and* 332 at 6 *with* 331 at 4–5.) Similarly, Mr. McCune asserts that Mr. Pidcock should be sanctioned because he provided an inaccurate "Probate Asset List"[10] contrary to this Court's order and that he is entitled to receive "the file stamped copy [of the list] as submitted to the probate court on January 30, 2018." (AP Doc. 327.) For his part, Mr. Pidcock asserts that Mr. McCune "was provided, as required by this Court, the Initial Inventory that was sent to the heirs." (AP Doc. 331.) In his reply, Mr. McCune states that the Probate Asset List he received was "not what was provided to the heirs . . . ." (AP Doc. 332 at 11.) Such disputes of fact preclude summary judgment.

---

[10] The parties refer variously to the "Kuehn Estate Probate Asset List," the "Inventory/Appraisal list," the "Asset Appraisal," and the "Initial Inventory." (*See, e.g.*, AP Docs. 327 at 6, 331 at 8, 332 at 11; *see also* AP Doc. 310 (noting that Mr. McCune referred to the "Kuehn Estate Probate Asset List" as the "Probate Inventory/appraisal").

*This Court will grant no relief based on Mr. McCune's allegations that
Mr. Pidcock defrauded the State Court to obtain the State Court Judgment.*

Mr. McCune alleges again that Mr. Pidcock defrauded the State Court to obtain the State Court Judgment. (*See* AP Doc. 327 at 3.) This Court has already ruled, several times, that it will not grant Mr. McCune any relief based on his allegations that Mr. Pidcock obtained the State Court Judgment by fraud; it is a matter for the State Court to decide if the issue is properly brought before it. *See McCune, et al. v. Pidcock*, 21-1029-j (Doc. 24 at 3–4); *McCune v. Pidcock*, 23-01008-j (Doc 15); (BK Doc. 174). This Court will not reconsider those rulings.[11]

*The Court will not consider allegations raised for the first time in Mr. McCune's
reply or the Fact Briefing in connection with the Summary Judgment Motion.*

The Court will not consider any new allegations raised for the first time in Mr. McCune's Reply or Fact Briefing. (AP Docs. 332, 346.)

The Court may not consider the new allegations or arguments raised in a reply in support of a motion for summary judgment unless it gives the plaintiff a further opportunity to respond in a surreply. *Geddes v. United Staffing All. Employee Med. Plan*, 469 F.3d 919, 928 (10th Cir. 2006) ("Our case law forbids the district court from relying on new arguments or materials to decide a summary judgment motion unless the opposing party is provided an opportunity to respond."); *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1191-92 (10th Cir. 2006) (same).

The Court exercises its discretion to decline to consider new allegations raised for the first time in Mr. McCune's Reply and Fact Briefing. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (whether to permit a surreply is within the court's discretion). To the extent the Reply or Fact Briefing state facts relevant to the Summary Judgment Motion, they do not

---

[11] Mr. McCune also suggests that Mr. Pidcock has committed fraud in this Court by "knowingly falsifying his claims." (AP Doc. 332 at 6–7 (citing 18 U.S.C. 157).) Although couched as a fraud in this Court, this argument rests on Mr. McCune's position that Mr. Pidcock obtained the State Court Judgment fraudulently. Because the State Court Judgment is binding on this Court, Mr. McCune's recourse on this issue is in the State Court.

comply with the rules for summary judgment motions. Mr. McCune will have the opportunity to present evidence at trial.

CONCLUSION

For the foregoing reasons, the Summary Judgment Motion will be denied.

_____
Robert H. Jacobvitz
United States Bankruptcy Judge

Date Filed on the Docket: October 11, 2024

Copy to:

Robert L. Pidcock
Plaintiff
501 Wyoming Blvd. SE
Albuquerque, NM 87123

Chuck McCune
Chuthamard McCune
Defendants
2139 Don Andres Pl SW
Albuquerque, NM 87105